USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JESUS RIVERA,

                      Petitioner,

      -against-

UNITED STATES OF AMERICA,

                      Respondent.

-----------------------------------------------------------X

16-CV-5238 (KMW)

13-CR-424 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      Pending before the Court are three motions to amend Jesus Rivera's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

      Rivera filed his first motion to amend his Section 2255 petition through counsel on January 30, 2019. (ECF No. 74.)[2] In this motion, Rivera seeks to add a claim that he did not understand the nature of the charges against him at the time of his plea. ("First Motion to Amend," ECF No. 74.)

      On November 19, 2019, Rivera filed a *pro se* motion to amend, arguing that his charged conduct fell under 18 U.S.C. § 924(c), rather than 18 U.S.C. § 924(j), the offense to which he pleaded guilty. Rivera claims that he therefore actually pleaded guilty to a Section 924(c) violation—notwithstanding his formal plea to a Section 924(j) violation. ("Second Motion to Amend," ECF No. 87.) He argues that his sentence was improper and barred by the statute of limitations applicable to Section 924(c) and his counsel was ineffective for failing to object to the imposition of the sentence on those grounds.

---

[1] On June 8, 2018, Rivera filed two Section 2255 petitions—one through counsel and one *pro se*. The Court treats these separate filings as a single petition for present purposes.
[2] All ECF citations refer to the criminal docket, *United States v. Rivera*, 1:13-cr-00424 (KMW).

1

On January 9, 2019, Rivera filed, through counsel, a third motion to amend. ("Third Motion to Amend," ECF No. 88.)[3] In this motion, Rivera argues that the attempted robbery predicate for his conviction under 18 U.S.C. § 924(j)—which establishes penalties for causing death in the course of a crime of violence involving a firearm—qualifies as a crime of violence only under the residual clause of 18 U.S.C. § 924(c). And because the Supreme Court held that residual clause void for vagueness in *United States v. Davis*, 139 S. Ct. 2319 (2019), Rivera's conviction is without a predicate and must be vacated.

Motions to amend Section 2255 petitions are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001). Rule 15(a) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

The Government has not objected to Rivera's motions to amend. The Court finds that the interests of justice are served by granting Rivera's First and Third Motions to Amend. Rivera's Second Motion to Amend is without merit and would be futile; regardless of whether Rivera's plea was proper, it was a plea to a Section 924(j) violation, and not, as his motion contends, a Section 924(c) violation.

---

[3] This filing is captioned "Second Motion to Amend." Counting Rivera's *pro se* motion to amend, however, it is the third.

Accordingly, Rivera's First and Third Motions to Amend are GRANTED. Rivera's Second Motion to Amend is DENIED. The Government shall respond to the amended petition no later than February 21, 2020.[4] Rivera may file a reply no later than March 13, 2020.

SO ORDERED.

Dated: New York, New York
January 29, 2020

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

---

[4] In its Opposition to Rivera's 2255 petition, the Government requested that, if the Court were to direct Rivera's previous counsel to submit affidavits addressing their alleged ineffectiveness, the Government be permitted to submit additional briefing in response. (ECF No. 62.) The Court did order and receive affidavits from Rivera's previous counsel. (ECF Nos. 76, 77.) The Government may address these affidavits in its response to the amended petition.