UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JESUS RIVERA,

               Petitioner,

     v.

UNITED STATES OF AMERICA,

               Respondent.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 15, 2021

13-CR-424 (KMW)
18-CV-5252 (KMW)
18-CV-5996 (KMW)
16-CV-5238 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

On April 27, 2021, the Court issued an Opinion (the "Opinion") denying Petitioner Jesus Rivera's 28 U.S.C. Section 2255 petition to vacate, set aside, or correct his conviction, and declining to issue a certificate of appealability. (ECF No. 120.[1]) On May 13, 2021, Rivera filed a notice of appeal.[2] (No. 16-CV-5238, ECF No. 15.) On May 19, 2021 Rivera also filed a *pro se* motion to alter or amend the Opinion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (the "Motion"). (ECF No. 121.) For the reasons that follow, Rivera's Motion is DENIED.

---

[1] Unless otherwise noted, all ECF citations refer to the criminal docket, *United States v. Rivera*, 1:13-CR-424 (KMW).
[2] The Court notes that, because the Court denied a certificate of appealability, Rivera's notice of appeal will be treated as an application to the Court of Appeals to grant a certificate of appealability. *Jones v. Walsh*, 2008 WL 586270, at *2 (S.D.N.Y. Mar. 4, 2008) (Koeltl, J.) (citing Fed. R. App. P. 22(b)(2); *Smith v. Duncan*, 411 F.3d 340, 346 (2d Cir. 2005)).

I.  **Procedure**

As an initial matter, the Motion must be denied because it is procedurally improper; because Rivera is represented by counsel, he cannot simultaneously represent himself *pro se*. Rivera is not entitled both to be represented by counsel and to make motions. *See, e.g.*, *Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008). Accordingly, as long as Rivera is represented by counsel, he is not to communicate with the Court other than through counsel, except in the event that he wishes to communicate with the Court to discharge counsel. Should Rivera wish to represent himself, he should so inform his lawyer, and instruct counsel to move for leave to withdraw.

II. **Jurisdiction and merits**

Alternatively, the Motion must be denied on the merits.

A motion to alter or amend a judgment pursuant to Rule 59(e) must be brought within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Although the Motion was filed on ECF on May 27, 2021, it is dated May 19, 2021, and is thus within the 28-day deadline. *See Hardy v. Conway*, 162 Fed. Appx. 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing"); *United States v. Resnick*, 451 F. Supp. 3d 262, 269 (S.D.N.Y. 2020) (McMahon, C.J.) ("[T]he 'prisoner mailbox rule' . . . provides that an inmate's papers are deemed filed the day that they are signed and given to prison officials for mailing.").

Normally, a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Berman v. United States*, 302 U.S. 211, 214 (1937) (applying this rule to a criminal case). However, where (as here) "a

party timely files a motion under Rule 59, the district court retains jurisdiction to entertain the motion, even where the notice of appeal was filed prior to the Rule 59 motion." *Azkour v. Little Rest Twelve*, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015) (Sullivan, J.) (citing Fed. R. App. P. 4(a)(4)(B)(i)) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a motion under Rule 59]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.")); *Smith v. City of New York*, 2014 WL 2575778, at *1 n.1 (S.D.N.Y. June 9, 2014) (Koeltl, J.).  Because the Court has jurisdiction to decide the Rule 59(e) Motion, the Court reaches the merits and denies the Motion.

"A Rule 59(e) motion can only be granted if the movant presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact." *Mason v. Hann*, 2011 WL 744798, at *1 (S.D.N.Y. Feb. 28, 2011) (Batts, J.); *see Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008).  Rivera asserts that the Court should alter or amend the judgment because it allegedly did not provide an adequate justification for denying him a certificate of appealability.  (Mot. at 2-4.) Rivera's argument is not persuasive.  In the Opinion, the Court denied a certificate of appealability after determining that all of Rivera's claims were meritless, and after it found that Rivera had not made a substantial showing of the denial of a constitutional right.  The Motion must be denied because it has neither presented newly-discovered evidence nor demonstrated that the Court committed a manifest error of law or fact in denying Rivera's Section 2255 petition and declining to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Rivera's Motion is DENIED. Because Rivera's claims are meritless, and because he has not made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Nor will the Court authorize the Rivera to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk of Court is respectfully directed to terminate the Motions at No. 13-CR-424 ECF No. 121 and No. 18-CV-5252 ECF No. 9.

SO ORDERED.

Dated: New York, New York
June 15, 2021

          /s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge